IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| QUADRIGA INVESTMENTS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO.: 7:21-cv-00115 |
| AFFILIATED FM INSURANCE | § | |
| COMPANY AND WILLIAM TERRELL | § | |
| BUGG, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

COMES NOW, Defendant Affiliated FM Insurance Company ("AFM") and files this Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446 and states:

### I.
### SUMMARY OF NOTICE

1.      This lawsuit arises out of Plaintiff Quadriga Investments, Inc.'s claim for coverage under a commercial property insurance policy issued by AFM for fire damage purportedly sustained by a commercial property.  Plaintiff – who according to its Petition is currently doing business in Ector County, Texas – asserts several common law and statutory causes of action against AFM – a foreign insurance company organized under the laws of Rhode Island, with its principal place of business in Rhode Island.

2.      In a transparent attempt to deprive this Court of diversity jurisdiction, Plaintiff's petition also asserts causes of action against William Terrell Bugg ("Bugg"), an individual resident of Allen, Texas, who was AFM's claims adjuster in this matter. But, as set forth below, Bugg has been improperly joined as defendant in this lawsuit, because the vague and conclusory allegations in Plaintiff's Petition fail to establish a viable basis for recovery against Bugg. Accordingly, this

Court may disregard Bugg's citizenship in determining its jurisdiction over this matter under 28 U.S.C. § 1332(a).

3.      Because the amount in controversy in this case plainly exceeds $75,000, and complete diversity of citizenship exists between Plaintiff and AFM (the only properly joined defendant in this lawsuit), removal of this action is proper under 28 U.S.C. § 1332(a).

## II.
## INTRODUCTION

4.      Plaintiff Quadriga Investments, Inc., ("Plaintiff"), commenced this action on May 20, 2021, by filing Plaintiff's Original Petition ("Original Petition") in the 244th Judicial District Court of Ector County, Texas – Cause No.C-21-05-0570-CV.

5.      AFM accepted service of Plaintiff's Original Petition on June 10, 2021 and it entered an appearance in this action on June 17, 2021. AFM thus files this Notice of Removal within the 30-day period required by 28 U.S.C. § 1446(b)(2)(B).

6.      Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this district.

## III.
## BASIS FOR REMOVAL

7.      Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000 excluding interest, costs, and attorneys' fees. These two conditions are clearly satisfied in this matter.

**A.**      **Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and AFM**

8.      A corporation is a citizen of the state where it is incorporated as well as the state where it has its principal place of business. Here, Plaintiff Quadriga Investments, Inc. is a Texas corporation with its principal place in Midland, Texas. Because Plaintiff is an entity incorporated

under the laws of the state of Texas and has its principal place of business in Texas, Plaintiff is a citizen of Texas for purposes of diversity jurisdiction.

9.      Defendant AFM is an insurance company incorporated in the State of Rhode Island with its principal place of business in Rhode Island. AFM is thus a citizen of Rhode Island for diversity jurisdiction purposes.

10.      Because Plaintiff is a citizen of Texas and AFM is a citizen of Rhode Island, complete diversity of citizenship exists in this lawsuit.

### (i)      *Plaintiff Improperly Joined Bugg as a Defendant to Defeat This Court's Diversity Jurisdiction.*

11.      Improper joinder is established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[1]  Under the second approach, which applies here, a defendant claiming improper joinder must show "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[2]

12.      When evaluating a plaintiff's reasonable possibility of recovery, the Court may conduct "a Rule 12(b)(6) type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[3] And, if the plaintiff has "misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and consider summary judgment-type

---

[1]    *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)).

[2]    *Id.* (quoting *Smallwood,* 385 F.3d at 573).

[3]    *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004).

evidence to determine whether the plaintiff has a basis in fact for the claim.[4] This analysis "necessarily incorporates the federal pleading standard…."[5]

13.     Under a Rule 12(b)(6) analysis, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions.[6] Importantly, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.[7] Indeed, as the United States Supreme Court has stated, a pleading offering only "labels and conclusions," "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement" is not sufficient and must be dismissed.[8] Finally, to pass muster under a Rule 12(b)(6) analysis, the factual allegations in a petition must state a claim for relief that is plausible on its face.[9] Plausibility requires more than a mere possibility; it calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of actionable misconduct conduct.[10]

> ### (ii)     *The sparse and conclusory allegations in Plaintiff's Petition fail to establish a reasonable possibility of recovery against Bugg under Texas law.*

14.     Under this standard, it is clear Plaintiff's Petition fails to establish a reasonable possibility of recovery against Bugg. Indeed, rather than alleging specific facts against Bugg which

---

[4]     *Id.*

[5]     *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016).

[6]     *See Papasan v. Allian,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

[7]     *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

[8]     *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

[9]     *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 565 (2007).

[10]     *See id.*

(if established) would lead to individual liability, Plaintiff has articulated only non-specific and conclusory allegations against Bugg, together with near-verbatim quotations of statutory provisions that Plaintiff contends Bugg violated.[11] At bottom, Plaintiff's Petition alleges nothing more than Bugg violated the Texas Insurance Code. These "naked assertions devoid of further factual enhancement" fall fatally short of establishing a viable cause of action against Bugg under Texas law.[12]

### (iii)     *Bugg cannot be held liable under Section 541.060 of the Texas Insurance Code under the facts alleged in Plaintiff's Petition.*

15.     In addition to being vague, many of Plaintiff's allegations against Bugg fail for yet another reason: Federal courts applying Texas law have repeatedly held that insurance adjusters – like Bugg – cannot be held liable on the claims asserted in Plaintiff's Petition. Plaintiff's Petition alleges, for example, that Bugg committed the following violations of the Texas Insurance Code:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claim;

- refusing to affirm or deny coverage in a reasonable time;

- refusing to conduct a reasonable investigation;

---

[11]   *See* Plaintiffs' Petition at 4, 8-9.

[12]   *Ashcroft,* 556 U.S. at 678 (2009); *see also See Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir. 1999)*; Patel v. Acceptance Indem. Ins. Company,* No. 4:15-CV-944-A, 2016 WL 361680, at *3 (N.D. Tex. Jan 28, 2016) (McBryde, J.) (holding that similar allegations against in-state adjuster "[were] nothing more than mere conclusions," thus making the plaintiff's lawsuit "but another in a long line of cases in which attorneys for an insured-plaintiff joined as a defendant in a lawsuit filed against an insurance company to recover policy benefits the insurance adjuster or another representative of the insurance company in an effort to avoid removal of the case from state court to federal court").

- hiring biased experts;

- ignoring damage known to be covered by the Policy; and/or

- conducting an outcome-oriented investigation…[13]

16.     Texas law permits claims adjusters to be held individually liable for violations of the Texas Insurance Code.[14] "But for [such an individual] to be held individually liable, [he] must have committed some act that is prohibited by the [Code], not just be connected to an insurance company's denial of coverage."[15] .

17.     Consistent with this well-settled principle, federal courts have held that adjusters – like Bugg – cannot be held liable under Section 541.060(a)(1) of the Texas Insurance Code where the alleged misrepresentations made the basis of the insured's claim involve the cause or scope of damage to the plaintiff's property, not the details of the insurance policy at issue.[16] To state a claim

---

[13]   *See* Plaintiffs' Petition at 6-8.

[14]   *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014) (Solis, J.).

[15]   *Id.* "[E]ven though an adjuster is a "person" [against whom claims may be asserted] under the Insurance Code, an adjuster cannot be held liable for violation of the Code unless he causes an injury distinguishable from the insurer's actions." *Aguilar v. State Farm Lloyds*, No. 4:15–CV–565–A, 2015 WL 5714654, at *3 (N.D. Tex. Sept. 28, 2015) (McBryde, J.). "In other words, the adjuster must have committed some act prohibited by the statute, not just be connected to an insurance company's denial of coverage." *Id.*

[16]   *See, e.g., Messersmith*, 10 F. Supp. 3d at 724 (holding that adjuster's post-loss representations regarding the nature and extent of storm damage to the insured's roof failed to support the insured's claim under section 541.060(a)(1), because those alleged statements did not relate to the coverage at issue; *Mainali Corp. v. Covington Specialty Ins. Co.,* No. 3:15–CV–1087–D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.) (insured failed to state a claim against adjuster under section 541.060(a)(1) where petition alleged the adjuster "failed to conduct a reasonable investigation, substantially underestimated the damage to the Property, and denied obvious covered damage to the Property," but "d[id] not allege [the adjuster] made misrepresentations about the details of the Policy"); *One Way Investments v. Century Ins. Co.*, No. 3:14-CV-2839-D, 2014 WL 6991277, at *4 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.) (insured's allegations that adjuster misrepresented the extent of the storm damage to the insured's property and misstated that such damage was caused by factors not covered under the policy failed to state a claim under section 541.060(a)(1), because "those statements d[id] not relate to the 'coverage at issue'") (quoting *Messersmith*, 10 F. Supp. 3d at 724); *accord Slabaugh v. Allstate Ins. Co.*, No. 4:15-CV-115, 2015 WL 4046250, at *9 (E.D. Tex. June 30, 2015) (holding that insured's allegations against adjuster, "all of which relate[d] to his inspection and determination regarding the extent of hail and wind damage, [we]re not actionable under the Texas Insurance Code because they d[id] not relate to misrepresentations about coverage provided by the terms of the policy").

---

under Section 541.060(a)(1), "[t]he misrepresentations must be about the details of the policy, not the facts giving rise to a claim for coverage."[17] And here, Plaintiff does not allege that Bugg made any representations about policy details. Instead, Plaintiff's allegations concern the facts that give rise to Plaintiff's claim under the AFM policy.[18]

18.     Plaintiff fares no better with its contention that Bugg violated Section the Texas Insurance Code by "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear"[19] – a statutory provision under which federal courts applying Texas law have concluded insurance claims adjusters (like Bugg) cannot be held liable.[20] Plaintiff's Petition thus fails to state a claim against Bugg for purported violations of Section 541.060(a)(2)(A).

19.     Plaintiff also misses the mark with its allegation that that Bugg violated Section 541.060(a)(3) of the Texas Insurance Code by "failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claim."[21] As federal courts applying Texas law have explained, "an adjuster cannot be held liable under § 541.060(a)(3) because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a

---

[17]   *One Way*, 2014 WL 6991277, at *4 (quoting *Messersmith*, 10 F.Supp.3d at 724).

[18]   *See* Plaintiff's Petition, Exhibit B at 7-8.

[19]   *See* Plaintiff's Petition, Exhibit B at 7-8.

[20]   *See Messersmith*, 10 F.Supp.3d at 724; *Meritt Buffalo Events Ctr.*, 2016 WL 931217 at *4; *Mainali Corp.*, 2015 WL 5098047 at *4; *Mercury Multifamily Mgmt., LLC v. Peleus Ins. Co.*, No. 3:16-CV-2557-D, 2016 WL 9091289, at *3 (N.D. Tex. Nov. 30, 2016) (Fitzwater, J.).

[21]   TEX. INS. CODE § 541.060(a)(3).

claim."[22] Plaintiff thus has no reasonable basis for recovery against Bugg under Section 541.060(a)(3).

20.     Plaintiff further claims that Bugg violated Section 541.060(a)(4) of the Texas Insurance Code by "refusing to affirm or deny coverage in a reasonable time."[23] However, as several federal courts have noted, an adjuster cannot be held liable under this section because an adjuster lacks authority to affirm or deny coverage of a claim to a policyholder.[24] Plaintiff is thus precluded from prevailing on its causes of against Bugg under Section 541.060(a)(4).

21.     Plaintiff is also prohibited from recovering against Bugg under Texas Insurance Code § 541.060(a)(7), which provides for potential liability against an insurer who "refus[es] to pay a claim without conducting a reasonable investigation with respect to that claim."[25] As the federal courts applying Texas law have recognized:

> Like § 541.060(a)(2), the bad behavior that [§ 541.060(a)(7)] targets is an insurer's refusal to pay under certain circumstances. Those who can be held liable are the insurance company or the individual at the insurance company who refuses to pay the claim, not the individual responsible for conducting the investigation.[26]

Plaintiff's Petition thus falls short of establishing a possibility of recovery against Bugg under Section 541.060(a)(7) of the Texas Insurance Code.

---

[22] *Mainali Corp.*, 2015 WL 5098047, at *4 (holding that insured could not recover against adjuster under section 541.060(a)(3) of the Texas Insurance Code); *see also Meritt*, 2016 WL 931217, at *4 (same).

[23] *See* Plaintiffs' Petition, Exhibit B at 6-8.

[24] *See, e.g., One Way Investments*, at *5, 2014 WL 6991277.

[25] TEX. INS. CODE § 541.060(a)(7).

[26] *Mainali Corp.*, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.) (quoting *Messersmith*, 10 F.Supp.3d at 725) (internal brackets omitted); *see also Mercury Multifamily Mgmt.*, 2016 WL 9091289 at *3 (same); *Meritt Buffalo Events Ctr.*, 2016 WL 931217 at *4 (same).

### *(iv)* *Bugg cannot be held liable for alleged violations of Chapter 542 of the Texas Insurance Code.*

22.     Plaintiff also misses the mark with their suggestion that Bugg can be held liable for alleged violations of Chapter 542 of the Texas Insurance Code however, as federal courts applying Texas law have aptly noted, "the Prompt Payment of Claims Act applies only to insurers"[27] – not individual insurance claims adjusters, like Bugg.   As a result, Plaintiff's Petition has not established (and cannot establish) a reasonable probability of recovery from Bugg under any section of Chapter 542 for the Texas Insurance Code.

### B.     Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000

23.     Under 28 U.S.C. § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs." "To determine whether the amount in controversy is satisfied, the Court must look to the complaint at the time it was filed. . . . An allegation in the complaint of the requisite amount will normally suffice to confer jurisdiction upon the court if the claim is made in good faith . . . ."[28]

24.     Here, Plaintiff's Petition states that Plaintiff seeks to recover damages in excess of $1,000,000 in this lawsuit.[29] AFM denies the validity and merits of Plaintiff's claims, the legal theories upon which those claims are based, and the allegations for monetary and other relief requested by Plaintiff. However, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or other relief in this action, it is facially apparent that the amount in

---

[27]    *Messersmith*, 10 F. Supp. 3d at 723; *see also Mainali Corp.*, 2015 WL 5098047, at *6.

[28]    *Gutierrez v. Nissan N. Am., Inc.*, No.: A–15–CA–01250–SS, 2016 WL 8258790, *2 (W.D. Tex. Apr. 12, 2016) (citations and internal quotation marks omitted); *see also KVOS, Inc. v. Associated Press*, 299 U.S. 269, 277, 57 S. Ct. 197, 200, 81 L. Ed. 183 (1936) (same).

[29]    *See* Plaintiff's Petition, Exhibit B.

---

controversy exceeds $75,000, exclusive of interest and costs.

25.     Because there is complete diversity between the parties and the amount in controversy exceeds $75,000 excluding interest, costs, and attorneys' fees, this Court has jurisdiction under 28 U.S.C. § 1332(a), and this action is removable under 28 U.S.C. § 1441(b).

**IV.**
**COMPLIANCE WITH 28 U.S.C. § 1446**

26.     As required by 28 U.S.C. § 1446(a), a copy of each of the following are attached to (or filed with) this Notice of Removal:

        a.     the docket sheet in the state court action, attached as Exhibit A to this Notice of Removal; and

        b.     each pleading, writ, or order filed, issued, or entered in the state court action (as separate attachments arranged in chronological order according to state court filing date), attached as Exhibits B – C to this Notice of Removal.

27.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of this Notice of Removal, and AFM will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

        WHEREFORE, Defendant Affiliated FM Insurance Company hereby provides notice that this action is duly removed from the 244th Judicial District Court of Ector County, Texas, to the United States District Court for the Western District of Texas, Midland-Odessa Division, and respectfully requests that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**ZELLE LLP**

By: _____/s/ Todd M. Tippett_____
    Thomas H. Cook, Jr.
    State Bar No. 00783869
    tcook@zelle.com
    Todd M. Tippett
    State Bar No. 24046977
    ttippett@zelle.com
    Crystal L. Vogt
    State Bar No. 24048768
    cvogt@zelle.com

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANTS
AFFILIATED FM INSURANCE COMPANY
AND WILLIAM TERRELL BUGG**

## CERTIFICATE OF SERVICE

A true and correct copy of the forgoing has been served on the following counsel of record in accordance with FEDERAL RULES OF CIVIL PROCEDURE on this 21st day of June 2021:

Shannon E. Loyd
State Bar 24045706
shannon@lp-lawfirm.com
Robert A. Pollom
State Bar No. 24041703
robert@lp-lawfirm.com
LOYD & POLLOM, P.L.L.C.
12703 Spectrum Drive, Suite 201
San Antonio, TX  78249
Telephone:    210-775-1424
Facsimile:    210-775-1410
***Attorneys for Plaintiff Quadriga
Investments, Inc.***

_____/s/ Todd M. Tippett_____
Todd M. Tippett